**B.C.F. OIL REFINING, INC., Plaintiff,**

v.

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Defendants.**

**No. 94 Civ. 8565 (CBM).**

United States District Court, S.D. New York.

Aug. 8, 1996.

Stillman, Friedman & Shaw, P.C. by Julian W. Friedman and Michael J. Grudberg, New York City, for Plaintiff.

Con Edison Law Department by James J. Dixon, New York City, for Defendant Consolidated Edison Company of New York, Inc.

Lester, Schwab, Katz & Dwyer by Jonathan A. Murphy, New York City, for Defendant ABC Tank Repair & Lining, Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker by Robert F. Roarke, New York City, for Defendant Miller Environmental Group.

Kelly & Roth by William H. Roth, New York City, for Defendant Clean Venture.

## MEMORANDUM OPINION

MOTLEY, District Judge.

### INTRODUCTION

Plaintiff BCF Oil Refining, Inc., (hereinafter "plaintiff"), a company formerly engaged in the "business of re-refining used oil, and water containing used oil, in order to produce fuel oil for resale to the public", (Complaint at ¶ 1), brought this action alleging that defendant Consolidated Edison Company of New York, Inc., ("Con Edison") distributed contaminated oil to plaintiff. Plaintiff has also brought claims against other entities (hereinafter, "the transporter defendants") for allegedly transporting such contaminated oil from Con Edison and delivering it to plaintiff.[1] The instant case is currently be-

---

1. Where appropriate, Con Edison and the transporter defendants will be referred to collectively as "defendants".

fore the court for the resolution of several discovery disputes.

## FACTS

The following disputes have arisen between the parties throughout the course of discovery in this case. First, plaintiff has sought to compel production of documents relating to matters described in the reports of a court-appointed monitor from a collateral criminal proceeding, *United States v. Consolidated Edison of New York*, 93 Cr. 1062, 1994 WL 414407 (JSM), regarding Con Edison's handling of toxic materials. Second, plaintiff seeks to compel production of documents related to an environmental accident involving one of Con Edison's electrical transformers. Third, defendants seek to compel one of plaintiff's principals to respond to a series of questions related to information purportedly obtained from plaintiff's counsel concerning the claims in this case. Fourth, defendants seek to compel plaintiff's president to respond to a question concerning whether his attorney told him to tape record a telephone conversation related to the case. Fifth, defendants seek to compel production of a transcript of an interview conducted by plaintiff's counsel of one of plaintiff's former employees, a technician allegedly responsible for overseeing the level of contaminants in the product plaintiff received from defendants. Sixth, plaintiff objects to Con Edison serving "expert interrogatories" on plaintiff which were not provided for by this court's pre-trial schedule. Each of these disputes is addressed in turn below.

## ANALYSIS

## I. THE SCOPE OF PLAINTIFF'S DISCOVERY REQUESTS.

The first two disputes outlined above relate to the proper scope of plaintiff's request for documents. Plaintiff has sought to obtain information related to a collateral criminal proceeding concerning Con Edison's handling

of toxic contaminants as well as documents concerning an environmental accident involving one of Con Edison's electrical transformers. Defendant Con Edison objects to the production of this information alleging that it is outside the scope of the Federal Rules of Evidence because it is not "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.Proc. 26(b)(1).

■ First, Con Edison insists that the information regarding the collateral criminal proceeding involved conduct occurring after the time frame in which plaintiff allegedly suffered the harm upon which the instant suit is based. Additionally, Con Edison argues that the court-appointed monitor's communications with employees of Con Edison through a "hot line" by which employees could report accidents involving toxic materials are confidential.

Plaintiff argues, however, that the information sought is "relevant evidence" within the meaning of Fed.R.Evid. 401. because it relates to "Con Edison's general standard of care, its handling of [toxic] materials, and whether ... contamination has occurred in other circumstances similar to those alleged in the complaint in this action." (Letter of Julian W. Friedman, counsel for plaintiff, dated June 14, 1996, at 7.) Additionally, plaintiff argues that Rules 404(b) (evidence of other crimes to prove, *inter alia*, knowledge or absence of mistake) and Rule 406 (evidence of routine practice of organization) support discovery of this information.

The court finds that the evidence of Con Edison's routine treatment of contaminated materials, which may make the existence of the facts of plaintiff's claims herein "more probable", *see* Rule 401, and which may show consciousness of reckless action and/or a routine practice of failing to handle toxic materials appropriately, is all clearly within the limits of relevancy as proscribed by the Federal Rules of Evidence. Accordingly, Con Edison is directed to produce the documents related to this request.[2]

---

**2.** Of course, to the extent that plaintiff may be seeking information not within the control of Con Edison—i.e., confidential communications between Con Edison employees and the court-appointed monitor referred to above—plaintiff

cannot seek such information through Con Edison. But, if as alleged, plaintiff seeks information kept in the normal course of business by Con Edison regarding these communications, Con

■ Second, plaintiff seeks information regarding a toxic leak affecting one of Con Edison's transformers that was handled by one of the co-defendants in this case, Miller Environmental Group, Inc. Although Con Edison alleges that it has given plaintiff information regarding this accident that shows that it did not in any way affect the materials delivered to plaintiff, plaintiff is certainly entitled to examine other related documentation in Con Edison's possession to learn for itself that Con Edison's statements are true. Accordingly, Con Edison is directed to respond to plaintiff's request for production of documents related to this accident.

## II. THE SCOPE OF PLAINTIFF'S ATTORNEY–CLIENT PRIVILEGE.

Plaintiff has claimed attorney-client privilege with regard to three items which defendants have sought through discovery: 1) information provided to one of plaintiff's principals that was obtained by plaintiff's counsel through an investigation into the underlying dispute; 2) information regarding whether plaintiff's counsel advised plaintiff's president to tape record a telephone conversation related to the subject matter of the suit; and, 3) the transcript of an interview conducted by plaintiff's counsel of one of plaintiff's former employees who was purportedly responsible for overseeing the levels of toxins in the materials plaintiff purchased.[3]

■ With regard to the first point, the attorney-client privilege simply does not extend to facts known to a party that are central to that party's claims, even if such facts came to be known through communications with counsel who had obtained knowledge of those facts through an investigation into the underlying dispute. *Allen v. West Point–Pepperell Inc.,* 848 F.Supp. 423, 427–428 (S.D.N.Y.1994) ("the [attorney-client] privilege does not protect facts which an

attorney obtains from independent sources and then conveys to his client.") (citations omitted).[4]

■ On the other hand, defendants cannot compel plaintiff's witness to respond to inquiries related to the legal advice his attorney gave him regarding whether to tape record a conversation. Legal advice of counsel is at the very heart of the attorney-client privilege and is clearly protected. *Allen,* 848 F.Supp. at 431 (barring defendants from "inquir[ing] as to the legal advice rendered" by attorney).

■ Lastly, with regard to defendants' request to compel plaintiff to disclose the transcript of the interview of the now-discharged employee, it appears that this information is covered by the attorney "work product" privilege. Under Fed.R.Civ.Proc. 26(b)(3) a party may obtain documents prepared in contemplation of litigation by another party's attorney "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id. See also, A. Michael's Piano, Inc. v. Federal Trade Comm'n,* 18 F.3d 138, 146 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994).

Here, plaintiff claims that the interview of plaintiff's former employee—in particular, the questions posed by plaintiff's counsel— would reveal the work product and mental processes of plaintiff's counsel in preparing for the instant litigation. These types of investigations are generally covered by the work product privilege. *See, e.g., Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *In re Woolworth Corp. Securities Class Action Litigation,* 94 Civ. 2217, 1996 WL 306576 (S.D.N.Y. June 7, 1996); *In re Leslie Fay Companies, Inc.*

---

Edison must produce it. (Friedman Letter, dated June 14, 1996, at 8 n. 1.)

**3.** Hours after this interview, this employee was fired.

**4.** Defendants also assert that by raising the claims herein, i.e., that defendants provided

plaintiff with contaminated oil, plaintiff has put "at issue" the information for which protection is sought. (*See* Letter of Jonathan A. Murphy, counsel for defendant ABC Tank Repair and Lining, Inc., dated June 14, 1996, at 3–4 (quoting *Allen, supra,* 848 F.Supp. at 428–429)) The court agrees that this doctrine also lifts the privi-

*Securities Litigation,* 152 F.R.D. 42 (S.D.N.Y.1993). Moreover, defendants have taken the opportunity afforded them to depose this former employee, which would constitute the "substantial equivalent" of this information as provided by Rule 26. *Cf. In re Woolworth Corp., supra,* at *3 (holding party failed to make showing of need as required by Rule 26(b)(3) where it could depose employees interviewed in prior internal investigation).

■ Con Edison argues, however, that plaintiff's counsel has waived any privilege related to this interview because a copy of a transcript of the interview was sent to the former employee. (Letter of James L. Dixon, counsel for Con Edison, dated June 14, 1996, at 10.) "Strong public policy considerations ... militate against finding a waiver of privilege" in certain circumstances, *In re Woolworth Corp., supra,* at *2, and the court is hard-pressed to find that the transmission of a copy of the transcript to the interviewee could constitute a waiver. Because plaintiff's counsel maintains the privilege when asking the employee the questions in the first instance, sending a written version of those same questions to that (now) former employee does not constitute a waiver of that privilege. *But cf. In re Leslie Fay Companies, Inc.,* 152 F.R.D. at 45 (holding party voluntarily waived privilege concerning reports of internal investigation when provided to third-party, an adversarial government entity that had not participated in underlying investigation). Accordingly, defendants' request to obtain the transcript of this interview is denied.

### III. THE PROPRIETY OF DEFENDANT'S PRELIMINARY EXPERT WITNESS INTERROGATORIES.

■ On June 6, 1996, the court established the Pre–Trial Schedule and Order in this case through which the parties were to provide opposing counsel with their expert witness reports by August 15, 1996. *See* Order, dated June 6, 1996 (hereinafter, "the June Order"). Counsel for Con Edison, arguing that defendant needed additional time to prepare "rebuttal experts", recently served interrogatories on plaintiff's counsel to determine the names of plaintiff's expert witnesses[5] and the scope of their testimony. Fed.R.Civ.Proc. 26(a)(2)(C) expressly provides that a party has 30 days from the date of an opposing party's disclosure of expert witness information to provide the name and expert report of any additional expert whose testimony will be used "solely to contradict or rebut evidence" of another expert witness previously disclosed.[6] The court's June Order established both the "time" and "sequence" of the disclosure of the expert reports pursuant to Rule 26(a)(2)(C) and Con Edison's attempt to circumvent both this Order as well as the time frame established in the Federal Rules for rebuttal disclosures cannot be condoned.

### CONCLUSION

For the reasons set forth above, plaintiff's request to compel the discovery of reports related to a court-appointed monitor in a collateral criminal proceeding and other information related to an environmental accident involving one of Con Edison's transformers is granted. In addition, plaintiff may not claim attorney-client privilege with regard to the information concerning the underlying claims in this case even though such information was obtained by its counsel. On the other hand, defendants may not obtain information concerning advice received by plaintiff's president from his attorney, nor may they obtain a copy of a transcript of an interview of one of plaintiff's former employees conducted by plaintiff's counsel in contemplation of litigation. Lastly, Con Edison may not attempt to circumvent this court's

lege as it relates to the information described above.

**5.** Plaintiff has purportedly agreed to provide the names of plaintiff's expert witnesses in advance of the August 15, 1996 deadline. (Letter of Michael J. Grudberg, counsel for plaintiff, dated July 23, 1996, at 2 n. 1.)

**6.** Con Edison also cites Local Rule 46(c) of the Southern District of New York to support the propriety of their "expert interrogatories". By the clear language of this Local Rule, however, it applies only "[a]t the conclusion of each party's discovery." Because discovery has not concluded in this case, Con Edison's reliance on Local Rule 46(c) is clearly misplaced.

pre-trial scheduling order and obtain information regarding plaintiff's expert witnesses prior to the date established by the court.